IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTIAN BLANCHARD | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv548 |
| SMITH COUNTY JAIL, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Christian Blanchard, a former inmate of the Smith County Jail, filed this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 alleging violation of her civil rights in jail. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Alleged Facts and Status**

Plaintiff alleges that during her stay in the Smith County Jail she was repeatedly denied food by Officer Starling and others and lost approximately 40 pounds in 3 months. (Dkt. #6 at 5–6.) She says she was also denied clothes or bedding while in solitary confinement for more than 5 months during winter, which she believes caused her to suffer painful, damaging frostbite while she was in a prolonged psychotic state. (*Id.* at 6.) It also led her to sleep on the toilet near the door to try to get some warmth through the crack under the door. (*Id.*) One night she sustained injuries to her head and face from falling off the toilet, but she was denied medical attention until she eventually received an MRI, the results of which are unknown. (*Id.*) She also severely injured her shoulder while mopping the floor, but she was again denied treatment. (*Id.*) Plaintiff further alleges that she was denied medication to control her pre-existing seizure condition and denied the use of

her wheelchair while she was in the jail. (*Id.* at 7.)

Plaintiff alleges that when she was released from solitary confinement after over 5 months—much longer than the 10-day maximum authorized by the jail handbook—she was placed in a suicide watch pod equipped with cameras through which male guards could see her naked getting in and out of the shower. (*Id.* at 7–8.) Finally, she alleges that Officer Starling once threatened her with physical violence and only "backed down" when other inmates came to Plaintiff's defense because Plaintiff could not defend herself. (*Id.* at 8.)

Plaintiff names as Defendants the Smith County Sheriff's Department, Smith County Jail, and the "jail medical clinic" and seeks unspecified money damages for "ongoing medical bills and pain and suffering." (Dkt. #6 at 1, 3, 4.)

The Court has liberally construed the *pro se* pleading to assert claims against Officer Starling and has ordered service upon and a response from Defendant Starling on the claims against her. (Dkt. #7.)

**II. Legal Standards and Preliminary Screening**

Plaintiff is proceeding *in forma pauperis*, so her complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of any claim if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening

2

under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

As mentioned above, the Court is requiring Defendant Starling to respond to Plaintiff's claims against her. However, Plaintiff also sues the Smith County Sheriff's Department, the Smith County Jail, and the jail's medical clinic, which require separate consideration.

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id*. at 313. A sheriff's department in Texas is not a jural entity subject to suit. *See, e.g., Crocker v. Smith*, No. 6:21-CV-00046, 2021 WL 4954324, at *1 (E.D. Tex. Oct. 25, 2021) (granting motion to dismiss "with respect to the Smith County Sheriff's Department because it is not a jural entity subject to suit under § 1983"); *Gage v. Valdez*, No. 3:16-CV-1360-B-BH, 2017 WL 4465765, at *2 (N.D. Tex. Aug. 21, 2017) (finding that the Dallas County Sheriff's Department is a non-jural entity). Accordingly, Plaintiff fails to state any viable claim against the Smith County Sheriff's Department.

Further "[a] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *LeBouef v. Terrebonne Par. Crim. Just. Complex*, No. CV 20-2260, 2021 WL 1200774, at *2 (E.D. La. Mar. 1, 2021), *report and recommendation adopted*, No. CV 20-2260, 2021 WL 1198259 (E.D. La. Mar. 30, 2021) (quoting *Coleman v. Terrebonne Parish Criminal Justice Complex*, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013)); *see also Rathmann v.*

*Mississippi Dep't of Corr.*, No . 3:20-CV-33-KHJ-LGI, 2021 WL 310972, at *2 (S.D. Miss. Jan. 29, 2021) ("Numerous courts have held a prison or jail are not entities that can be sued under Section 1983 . . . because they are not 'persons' for purposes of suit under Section 1983, as the state and case law define that term.") (punctuation and citation omitted). Accordingly, the Smith County Jail itself is not subject to suit under Section 1983, and Plaintiff's claim against the jail must be dismissed.

And finally, the jail's medical clinic is simply a department within the jail, operated by the Sheriff's Department, and likewise cannot be sued under Section 1983. *Sheldon v. Smith Cnty. Jail Med. Clinic*, 439 F. App'x 343, 344 (5th Cir. 2011) (observing that district court dismissed claims because "the Smith County Jail Medical Center and the Smith County Sheriff's Department could not be sued because they had no separate legal existence"); *see also Brown v. Gonzalez*, No. CV H-23-4281, 2024 WL 346530, at *2 (S.D. Tex. Jan. 30, 2024) ("The Inmate Bank or inmate trust fund is a department within the Jail that is operated by HCSO. As a subdivision of Harris County, however, neither the Inmate Bank, the Jail, nor the HCSO has the capacity to be sued as required by Fed. R. Civ. P. 17(b)."). Plaintiff therefore fails to state any claim against the jail's medical clinic.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint fails to state a claim upon which relief can be granted against the Smith County Sheriff's Department, the Smith County Jail, and the jail's medical clinic.

<u>RECOMMENDATION</u>

Accordingly, the undersigned recommends that the Smith County Sheriff's Department, the Smith County Jail, and the jail's medical clinic be dismissed from this action pursuant to 28

U.S.C. §§ 1915(e)(2).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 13th day of February, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE