IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRISTIAN BLANCHARD,<br><br>     Plaintiff,<br><br>v.<br><br>SMITH COUNTY JAIL, et al.<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§   Case No. 6:23-cv-548-JDK-JDL<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christian Blanchard, proceeding *pro se* and *in forma pauperis*, filed this action against Defendants Smith County Sheriff's Department, Smith County Jail, Smith County Jail Medical Clinic, and Smith County Jail Corrections Officer Rose Starling on November 7, 2023. Docket No. 1. Plaintiff asserted various constitutional claims under 42 U.S.C. § 1983 as well as violations of the Americans with Disabilities Act (ADA) related to incidents that allegedly took place during her time incarcerated in the Smith County Jail. *Id.*

The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition of the action. On March 20, 2024, the Court dismissed Plaintiff's claims with prejudice against the Smith County Sheriff's Department, Smith County Jail, and Smith County Jail Medical Clinic for failure to state a claim. Docket No. 21. On April 17, 2024,

1

Defendant Starling filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's remaining claims. Docket No. 26.

On October 10, 2024, Judge Love issued a Report recommending that Plaintiff be allowed to amend her complaint to name the proper defendant as to her ADA claim. Docket No. 36 at 1. Additionally, Judge Love recommended that Starling's motion be granted-in-part and denied-in-part. *Id.* at 22. Judge Love recommended that Starling's motion to dismiss be denied as to Plaintiff's § 1983 food denial claim and granted as to Plaintiff's remaining claims. *Id.* A copy of this Report was mailed to Plaintiff, and no objections have been received.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not object in the prescribed period. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 36) as the findings of this Court. It is therefore **ORDERED** that Defendant Starling's motion to dismiss (Docket No. 26) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's claims for denial of water, verbal threats, denial of clothes and bedding, inadequate treatment of Plaintiff's seizures and shoulder injuries, denial of an adequate grievance process, and violation of privacy are dismissed with prejudice for failure to state a claim. Plaintiff's only remaining claims in this action are her § 1983 food denial claim against Defendant Starling and her ADA claim.[1]

It is **FURTHER ORDERED** that Plaintiff shall have until **January 6, 2025**, to file an amended complaint in this Court adding the correct party to support her ADA claim(s). Failure to amend her complaint in conformity with this order will result in dismissal of Plaintiff's ADA claim without prejudice.

So **ORDERED** and **SIGNED** this **5th** day of **December, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

---

[1] The ADA claim may only proceed if Plaintiff names the proper Defendant in an amended complaint as instructed. To be clear, the ADA claim against Defendant Starling is dismissed with prejudice.

3